# CHARLESTON.

## REYNOLDS MEMORIAL HOSPITAL *et als.* v. COUNTY COURT OF MARSHALL COUNTY.

Submitted September 12, 1916.    Decided September 26, 1916.

1. TAXATION—*Property Subject to Taxation—Exemptions.*

    Under the Constitution of this state all property both real and personal shall be taxed except such property as the Legislature may exempt under the exceptions contained therein.    (p. 687).

2. SAME—*Exemptions—Charitable Property.*

    Under the Constitution of this state property used for charitable purposes may be exempted from taxation.    (p. 687).

3. SAME—*Exemptions—Hospitals.*

    Property used for a hospital can not be exempted from taxation under the Constitution of this state unless it is used for charitable purposes.    (p. 687).

4. SAME—*Exemptions—Charitable Use.*

    Whether or not property other than cemeteries and public property may be exempted from taxation under the Constitution of this state, is to be determined by the use to which it is applied.    (p. 687).

5. SAME—*Exemptions—Charitable Use—"Charitable Purposes."*

    A hospital "not used or leased out for profit," but which devotes all of the proceeds arising therefrom to its maintenance and support, and deficits caused by expenses in excess of receipts are paid by voluntary contributions, and no profit is sought or received by its owners, is property used for charitable purposes, and may be exempted from taxation under Section 1 of Article X of the Constitution of this state, notwithstanding such hospital is not used exclusively for free patients, but its rules and regulations require payment of such of its patients as are able to pay, according to their circumstances and the accommodations they receive, and that no person has individually a right to demand admission, but all are admitted under certain reasonable rules and regulations.    (p. 687).

Error to Circuit Court, Marshall County.

Suit by the Reynolds Memorial Hospital and others against the County Court of Marshall County.    There was judgment for plaintiffs, and defendant brings error.    *Affirmed.*

*J. C. Simpson,* for plaintiff in error.

*McCamic & Clarke,* for defendants in error.

MASON, JUDGE:

This is a proceeding commenced in the County Court of Marshall County by virtue of two petitions filed therein, one by the Reynolds Memorial Hospital and B. M. Spurr and Isabel Spurr, trustees, and one by the Reynolds Memorial Hospital Training School for Nurses, a corporation, asking the said county court to exempt from taxation for the year 1913 eighteen lots of ground, under section 57 of chapter 29 of the Code. The legal title to six of these lots is held by the Reynolds Memorial Hospital Training School for Nurses, a corporation. The legal title to seven of them is held by B. M. Spurr and Isabel Spurr, trustees for Trinity Parish of Moundsville, W. Va. The legal title to the other five lots is in B. M. Spurr individually.

The buildings used by the Reynolds Memorial Hospital are located on the lots held by Spurr and wife, trustees. The Reynolds Memorial Hospital is not an incorporated institution, and there are no trustees, board of visiting physicians or surgeons, or other persons having the care, management and control of said institution, other than B. M. Spurr, who has control and management of the same. The Reynolds Memorial Hospital owns no part of the property mentioned and described in the petitions. The training school for nurses holds title to the lots mentioned therein, but no buildings are erected on them, but they are used for the benefit of the hospital. The lots owned by B. M. Spurr individually are vacant. The record fails to disclose that Trinity Parish, a church organization at Moundsville, receives any benefit from the property conveyed to B. M. Spurr and Isabel Spurr, trustees for such organization. It is admitted in the record that the Reynolds Memorial Hospital is a private institution. None of the property is vested in trustees in trust for charitable purposes.

The county court held that the property was not exempt from taxation. Thereupon an appeal was taken to the circuit court of Marshall County. The judgment of the county court was reversed by the circuit court, and from that judgment of the circuit court a writ of error has been awarded by this court.

If the property is used for charitable purposes within the meaning of the Constitution, then it is exempt from taxation; if it is not so used, it is not exempt. Therefore, there is involved in this case the difficult and perplexing question of determining from the facts whether or not this hospital is in a legal sense used for "charitable purposes." We are not aided by an examination of the conveyances under which the property is held. These conveyances do not limit or in any wise control the grantees in the use of the property. It may be used for any lawful purpose.

The mere fact that the property is used for hospital purposes is not sufficient to exempt it from taxation. Hospitals are not among the property named in the Constitution as exempt. It may however be exempt if it comes within the class of property used for charitable purposes. Then, having in mind that hospital property is not exempt by name in the Constitution, and that all hospitals are not charitable institutions, but may be, and often are, used for profit, the same as any other lawful business, we must determine the character of this hospital from the evidence, and determine whether or not this property is in a legal sense used for charitable purposes within the meaning of the Constitution.

The Constitution of this State, Article X, section 1, requires all property to be taxed except "property used for educational, literary, scientific, religious or charitable purposes," and that "all cemeteries and public property may, by law, be exempt from taxation." Whether or not property may be exempted from taxation under this section depends on the use to which it is applied, except that "cemeteries and public property," may be exempted by law without regard to their use; they are specifically named, and may be exempted by law. The Legislature, in compliance with this provision of the Constitution, has specified the property exempted. Chapter 29, section 57, Code. That statute among other things exempts from taxation property belonging to "any hospital not held or leased out for profit." In determining the character of this hospital, it is not necessary now to decide what effect shall be given to the words "not held or leased out for profit," as the character of the hospital

in this case will be determined by other controlling facts. It will be observed that by this statute the property of all hospitals is not exempt from taxation. Only the property of a certain specified class of hospitals is exempt. The evident intent of the Legislature is to place the property of certain hospitals in the class of property used for charitable purposes. Does the evidence show that this property properly belongs to the class which may be exempted from taxation because used for charitable purposes?

We have no difficulty in reaching the conclusion that all of the property was being used for hospital purposes at the time the assessments were made; but it must be shown not only that the property was used as a hospital, but that it was a hospital used for charitable purposes. It is most strenuously insisted by counsel for appellant that this is not a charitable institution, for the reason among others that "there is no valid trust devoting the property sought to be taxed to any charitable use or to any use whatever." It is true, as we have seen, that the conveyances under which the property is held do not limit or in any way control the grantees in the use to be made of the property. The proof is that the property is held in trust for the "Diocese of West Virginia", and that while the legal title to the property is in B. M. Spurr and his wife, and the Reynolds Memorial Hospital Training School for Nurses, the equitable title is in the Diocese of West Virginia, and that the property is controlled by the Diocese of West Virginia, through proper boards of that church.

The purpose for which the property is to be used is not specified in the conveyances. Is this necessary? Can there be no charitable use without a trust? that is to say without a trust requiring the property to be used for that purpose? The applicants do not seek exemption from taxation on account of the title by which they hold the property, nor the character of the authority to control it, but for the reason that it is property used for "charitable purposes", and by the Constitution of the state may be exempt from taxation. It is the use to which the property is to be applied that determines whether or not it may be exempted from taxation. That is the language of the Constitution—"property used for * * *

charitable purposes." If property used for charitable pur-
poses, and for that reason exempt from taxation, should cease
to be used for that or other purpose exempting it from taxa-
tion, it would at once become liable for taxation without any
change of ownership.

Was this property being used for charitable purposes when
the assessments were made? The test applied to hospitals by
the Legislature (sec. 57, ch. 29, Code), is whether or not they
were "held or leased out for profit."

In the case of *Union Pacific Ry. Co.* v. *Andrew S. Artist,*
60 Fed. 365, reported in 23 L. R. A. 581, the court in defin-
ing what constitutes a charitable hospital says: "The test
which determines whether such an enterprise is charitable or
otherwise is its purpose. If it is to heal the sick and relieve
the suffering without hope or purpose of getting gain from its
operation, it is charitable."

In the somewhat famous case of *Jackson* v. *Wendell Phil-
lips, William Lloyd Garrison and others,* 14 Allen 539, the
court defines a charity thus: "A charity is a gift, to be ap-
plied, consistently with existing laws, for the benefit of an
indefinite number of persons, either by bringing their minds
and hearts under the influence of education or religion, by
relieving their bodies from disease, suffering or constraint,
by assisting them to establish themselves in life, by erecting
or maintaining public buildings or works, or otherwise lessen-
ing the burdens of government."

As we have seen, the legal title to the property is in B. M.
Spurr and his wife, and the Reynolds Memorial Hospital
Training School for Nurses, a corporation, for the use of the
Diocese of West Virginia, and is managed by B. M. Spurr
under the direction of the Diocese of West Virginia. No
profit is derived from the business, and none is intended. The
funds to support the institution are derived in part from
sums paid by patients and the remainder from voluntary con-
tributions. There is a large deficit every year to be made up
by these contributions. The capacity of the hospital is fifty
patients. They are admitted under the direction and super-
vision of B. M. Spurr, who is the superintendent. All who are
able to pay are required to do so, but no one is refused admit-

tance for the reason only that he can not pay, and no distinction is made in the treatment of pay and free patients. About forty percent of the patients pay. Mr. Spurr testifies in part on this subject: —

"Q. Now Mr. Spurr, in taking care of the patients at the hospital, in the event a preference has to be shown between your free patients and pay-patients, who are preferred?

"A. You mean as to admittance?

"Q. Yes sir.

"A. The charity patient would be taken.

"Q. As to the treatment received in the hospital, is any preference shown in that respect?

"A. None whatever,—they are all treated alike.

"Q. That is, the most expensive pay-patients get no better treatment that the absolute charity patients?

"A. Not that I know of.

"Q. And you say the capacity of this hospital, I believe, was fifty?

"A. Yes."

The nurses training school is a part of the hospital. The girls admitted to the school are expected to remain two years. They pay nothing, but receive eight dollars per month for the first year, and ten dollars per month for the second year. The hospital receives nothing from the training school. It is intended to prepare young girls for the profession of nursing. The expenses of this school are charged up and paid for out of the general hospital fund. Their services are supposed to pay for their board, and the monthly payments are intended to provide clothing and books. Now, is a business conducted in this way, from which no profit is sought or received, and in which there is a deficit every year, a charitable institution?

The fact that the hospital is not used exclusively for free patients, or that it admits patients under certain reasonable rules and regulations, does not change the character of the institution as a charitable one. In *Hospital of St. Vincent etc. v. Thompson,* 116 Va. 101, it is said: "A hospital which is chartered to care for sick and disabled persons, and which has no capital stock, and is not conducted for dividends and profits, is a charity hospital, and the fact that it receives com-

78 W. Va.

pensation from patients who are able to pay for the accommo-dations, does not render it any the less a charitable institution in the eyes of the law." In *McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432, it is said: "The fact that a corporation, established for the maintenance of a public hospital, by its rules requires of its patients payment for board, according to their circumstances and the accommodations they receive; that no person has individually a right to demand admission; and that the trustees of the hospital determine who are to be received; does not render it the less a public charity." In *Gooch* v. *Association for Relief of Aged Indigent Females,* 109 Mass. 558, it is said: "A corporation, established for the support of poor and old women, which devotes all of its funds to the support of such women in its home, and is no source of profit to its members, is a charitable corporation, although it requires a payment of money as a requisite for admitting a woman into its home."

The evidence in this case shows conclusively that this hospital is "not held or leased out for profit"; that all the revenue derived therefrom is applied toward its maintenance and support, and that there are annually large deficits caused by the necessary expenses being in excess of the receipts, which deficits are paid by voluntary contributions, and that no profits are sought or received by the owners of the property. Under these facts we concur in the opinion of the circuit court that it is property used for charitable purposes and may be exempted from taxation under section 1 of article 10 of the Constitution.

We affirm the judgment.

*Affirmed.*