# CHARLESTON.

STATE *ex rel.* JOHN S. FARR *et al. v.* W. M. MARTIN *et al.*

(No. 6220)

Submitted May 9, 1928.    Decided May 19, 1928.

TAXATION—*Educational Use of Property, to Justify Exemption From Taxation, Must be Primary and Immediate, Not Secondary or Remote; Property Held in Trust for School Held Not Entitled to Exemption From Taxation for Year During Which School Received no Immediate Benefit (Const. art. 10, § 1; Amendment of 1917 to Code, c. 29, § 57).*

Under section 1, Article 10, Constitution, the exemption of property from taxation depends on its use. To warrant such an exemption for a purpose there stated, the use must be primary and immediate, not secondary or remote.

(Taxation, 37 Cyc. pp. 936, 939.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

MILLER, PRESIDENT, and LITZ, JUDGE, absent.

Original proceeding by the State, on the relation of John S. Farr and others, for mandamus to be directed to W. M. Martin and others.

*Peremptory writ to issue.*

*McClure & Winters, Charles Ritchie* and *A. D. Duduit,* for relators.

*John H. Holt* and *E. L. Hogsett,* for respondents.

HATCHER, JUDGE:

In 1926 Fred C. Prichard et al., conveyed to trustees certain real estate, in the city of Huntington, which by a later declaration was shown to be in trust for the Prichard School, a corporation. The School is an educational and eleemosynary institution. Liens against the property approximated $1,207,203.00. The assessor of Cabell county entered the property for taxation in 1927 at the aggregate value of $990,100.00. Later the State Tax Commissioner approved the transfer, and the Board of Equalization and Review of Cabell county exempted the property from taxation.

The relators, who are citizens and taxpayers of Huntington, seek to have the property charged with taxes for the year 1927, which amount to about $21,800.00.

Respondents allege that the rentals of the property for 1927 amounted to $166,001.81. They do not state the net income from the property or the amount of the interest on its indebtedness for that year. Counsel for respondents admitted in argument, however, that none of the income for 1927 was applied to the Prichard School. They contend that the property should not be taxed because of the amendment of 1917 to section 57, Chapter 29 of the Code, which is as follows:

> "Provided further that such exemption from taxes shall apply to all property, including the principal thereof, *and the income therefrom* held for a term of years or otherwise under a bona fide deed of trust, transfer or assignment, by a trustee or trustees required by the terms of such trust to apply annually the income derived from such property to education, religion, charity and cemeteries, when not used for private purposes or profit."

Statutes exempting property from taxation are rigidly construed. See the scholarly discourse of Judge LIVELY on this subject in *State v. McDowell Lodge,* 96 W. Va. 611, 613-614. The above statute must be considered in connection with the Constitution. Section 1 of Article 10 permits the exemption of property "used" for educational purposes. Here the

School holds the equitable title of the property in question. But ownership, even beneficial ownership alone, does not meet the constitutional requirement. Use for educational purposes is the test of the exemption. *Washburn College* v. *Commissioners,* 8 Kan. 344, 349. The use contemplated by the Constitution is primary, direct and immediate—not secondary or remote. *People* v. *Home,* 312 Ill. 136; *School of Eagle Park* v. *Board,* 175 N. Y. Sup. 701; *Masons* v. *Burlington,* 85 Vt. 202, 208; *Amherst College* v. *Assessors,* 193 Mass. 168, 178, 79 N. E. 248, 250; Cooley Taxation (4th ed.) Vol. 2, page 1441, sec. 687; 12 A. & E. Ency. Law, 318, and the many cases cited under note 4. The property in this trust was leased to third parties in 1927, and the income was applied to the payment of its debts. The use of the property therefore primarily and directly benefited the lien holders instead of the Prichard School. The statute excludes the exemption of property or income which redounds to private profit. Irrespective of the ultimate expectation of the donor, his benevolence was of no direct and immediate value to the School for 1927. Therefore, it cannot be consistently said that either the property or its income was *used* for educational purposes during that year.

As this proceeding has reference only to taxation for 1927, we have limited our consideration to the use of the property for that year.

Respondents question the right of the relators to proceed by mandamus, contending that either section 57 or section 132a of Chapter 29, Code, would afford them an adequate remedy. Section 57 provides an appeal to the circuit court by "any person beneficially interested" whenever the State Tax Commissioner shall withdraw his approval of the transfer of property in trust for educational, etc., purposes. As the approval of the Commissioner has not been withdrawn from this transfer, that procedure does not apply here. Section 132a vests authority in the county court to grant relief to any taxpayer or the Prosecuting Attorney or State Tax Commissioner (on behalf of the state, county and district) "aggrieved by any entry in the land or personal property books of the

county, resulting from a mistake or clerical error, or any error resulting from any cause, other than the value of the property as fixed by the Assessor or Board of Review and Equalization.'' The entire section shows very clearly that the relief contemplated in favor of the taxpayer is relief from an overcharge of taxes or other error personal to him; and that the relief in favor of the Prosecuting Attorney or State Tax Commissioner is relief against an undercharge of taxes to some particular taxpayer. It is, therefore, evident that the procedure authorized in the latter section does not apply to taxpayers, such as relators, whose property is not directly involved.

The peremptory writ will issue.

*Peremptory writ will issue.*