299 S.E.2d 3

**STATE ex rel. Jerry W. COOK, Circuit Judge, et al., etc.**

v.

**Herschel H. ROSE, III, W. Va. State Tax Commissioner.**

**No. 15627.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1982.

Daniel F. Hedges, Charleston, for relators.

Michael G. Clagett, Asst. Atty. Gen., Charleston, for respondent.

George G. Guthrie, Spilman, Thomas, Battle & Klostermeyer, Charleston, for intervenor Charleston Area Medical Center, Inc.

W.T. Brotherton, Jr., Charleston, for intervenor Highland Hosp.

Richard E. Tyson, Tyson & Tyson, Huntington, for intervenor St. Marys Hosp.

HARSHBARGER, Justice:

Petitioners are a circuit judge and probation officer. After at least *four* unsuccessful attempts to get indigent, troubled juveniles admitted to area hospital psychiatric units,[1] they came to us for mandamus.

Are these and other hospitals that refuse to admit persons unable to pay; that are not used for charitable purposes; that hold property for profit: are they entitled to exemptions from taxation?

Petitioners ask us to mandamus our tax commissioner to promulgate guidelines about charitable tax exempt status for hospitals consistent with W.Va. Const. art. X, § 1, and W.Va.Code, 11–3–9, *viz*, regulations that specifically require a meaningful volume of charitable services in all areas, especially for infants referred by a court, and that proclaim that services provided as *quid pro quo* for Hill-Burton or other federal funds do not qualify within such volume. The tax commissioner responded that he has already met his constitutional and statutory duties.

W.Va. Const. art. X, § 1 mandates that taxation shall be equal and uniform throughout the state. It contains several exemptions: "property used for educational, literary, scientific, religious or charitable purposes, ... *may* by law be exempted from taxation." (Emphasis supplied.)

■ Our Constitution does not exempt property, but it empowers the legislature to create exemptions for certain types of property. *In re Hillcrest Memorial Gardens*, 146 W.Va. 337, 119 S.E.2d 753 (1961); *State v. Kittle*, 87 W.Va. 526, 105 S.E. 775 (1921). All property given a legislative exemption must be used primarily, directly and immediately for those enumerated purposes. *Central Realty Co. v. Martin*, 126

W.Va. 915, 30 S.E.2d 720 (1944); *State ex rel. Farr v. Martin*, 105 W.Va. 600, 143 S.E. 356 (1928).

■ The legislature has delimited property eligible for tax exempt status in W.Va. Code, 11–3–9, *State ex rel. County Court v. Demus*, 148 W.Va. 398, 135 S.E.2d 352 (1964), and included in that list "any hospital not held or leased out for profit."[2] *Reynolds Memorial Hospital v. Marshall County Court*, 78 W.Va. 685, 90 S.E. 238 (1916). Therefore, a hospital may only be entitled to a property tax exemption for property not held or leased out for profit *and* used solely for charitable purposes. *Reynolds Memorial Hospital v. Marshall County Court*, *supra; Central Realty Corp. v. Martin*, *supra*.

■ All tax exemptions are strictly construed against people claiming them. *In re Hillcrest Memorial Gardens*, *supra; State ex rel. Farr v. Martin*, *supra; State ex rel. Miller v. Buchanan*, 24 W.Va. 362 (1884).

The legislature has commanded the tax commissioner:

[T]o see that the laws concerning the assessment and collection of all taxes and levies ... are faithfully enforced. He shall prepare all proper forms and books for the use and guidance of assessors ... He ... shall inspect the work of the several assessors ... and shall confer with them respecting such work for the future. In such conference, ... [he should] require such action as will tend to produce full and just assessments throughout the State, and the diligent collection of all taxes and levies. W.Va. Code, 11–1–2.

W.Va.Code, 11–1–6, also compels the tax commissioner to prepare forms for assessors and give them instructions respecting their duties, to attain "a perfect assess-

1. Those hospitals have intervened: Charleston Area Medical Center, Inc., Highland Hospital, and St. Mary's Hospital.

2. Code, 11–3–9 emphasizes legislative intent in providing exemptions:

"Notwithstanding any other provisions of this section, however, no language herein shall be construed to exempt from taxation any property owned by, or held in trust for, educational, literary, scientific, religious or other charitable corporations or organizations, unless such property is used primarily and immediately for the purposes of such corporations or organizations."

ment of all the persons and property, both real and personal, in this State subject to taxation."

Finally, the last paragraph of the exemption statute, Code, 11–3–9, states that "[t]he tax commissioner shall, by issuance of regulations, provide each assessor with guidelines to insure uniform assessment practices statewide to effect the intent of this section."

In fulfillment of his duties, the tax commissioner has produced a Guide for Assessors. The section on Property Exempt from Taxation includes the following instructions:

The courts have consistently held that exemption from property taxation is limited by the constitutional provision that certain properties may be exempt only if *USED* for certain purposes....

.    .    .    .    .

Five basic rules must be considered in reviewing qualification for property tax exemption:

1.  All property is presumed to be taxable.

2.  Tax exemption is the exception.

3.  The burden of proving exemption is on the person seeking exemption.

4.  Any doubts that arise must be decided against exemption.

5.  Exemptions are strictly construed.

.    .    .    .    .

A designation as a nonprofit corporation by the IRS does not in and of itself result in a property tax exemption similarly being granted to the organization. Such entities must prove to the satisfaction of the assessor that the property for which a tax exempt status is claimed is in fact used for educational, literary, scientific, religious or charitable purposes.

Hospitals and corporations organized to provide for the elderly may be deemed exempt under certain circumstances. Generally, such organizations have received a "nonprofit" designation by the Internal Revenue Service. The test to be applied to both types of property is whether or not it [sic] is [sic] held or leased out for profit. The courts have

stated that where a hospital devotes all proceeds arising from its operation to its maintenance and support and where deficits caused by expenses in excess of receipts are paid by voluntary contributions, and no profit is sought or received by its/their owners, property owned by that hospital is exempt from taxation as a charitable organization.

.    .    .    .    .

Factors to be considered in any determination include, but are not limited to, the following:

1.  The purpose of the organization as set forth in its charter, articles of incorporation or partnership;

2.  The activities or services being offered on the premises of the property;

3.  The availability to the general public of the services or activities offered by the organization or and in the particular property being considered;

4.  The presence or absence of rental income obtained from private organizations or persons for use of the property;

5.  Where an exemption for charitable uses is claimed the amount of fees or other charges instituted for participation in the services or activities offered; and

6.  The sources of income used to operate and maintain the property on a "nonprofit" basis share deficits caused by expenses exceed receipts. Guide for Assessors, pp. 8–13—8–15 (1979).

■ In addition, respondent submitted taxability rulings about hospital charitable exemptions from 1980 and 1982. These rulings cite Syllabus Point 5 of *Reynolds Memorial Hospital v. Marshall County Court*, 78 W.Va. 685, 90 S.E. 238 (1916):

A hospital "not used or leased out for profit," but which devotes all of the proceeds arising therefrom to its maintenance and support, and deficits caused by expenses in excess of receipts are paid by voluntary contributions, and no profit is sought or received by its owners, is property used for "charitable purposes," and may be exempted from taxa-

tion under section 1 of article 10 of the Constitution of this state, notwithstanding such hospital is not used exclusively for free patients, but its rules and regulations require payment of such of its patients as are able to pay, according to their circumstances and the accommodations they receive, and that no person has individually a right to demand admission, but all are admitted under certain reasonable rules and regulations.

No patient in *Reynolds* was refused admittance because he could not pay. We recognized that free and below-cost services may be provided under reasonable rules and regulations. The tax commissioner's Ruling 82–2T, at p. 11, states:

What is required for exemption under West Virginia law is that the hospital property not be held or leased out for profit and that the hospital provide free and below-cost services, under reasonable rules and regulations, to those unable to pay for hospital services.

He made the following observations and comments in his ruling that Guthrie Memorial Hospital in Cabell County was not entitled to an exemption:

Guthrie has not tendered any financial information in support of its claim of exemption from tax. Particularly relevant would be the amount of its income and the sources thereof. Also important is information about expenses. For example, do revenues exceed expenses or do expenses exceed revenue? If there [sic] latter, how is the deficiency made up?

The financial arrangement between Guthrie and its staff doctors is likewise important. What are the salaries, how are they determined, are they reasonable, and what are the various fringe benefits and their value?

It is generally accepted that where the hospital is operated for the benefit of its physicians rather than for the general public, exemption form [sic] tax is to be disallowed even though the hospital may be organized as a charitable institution and no dividends are paid.

No information has been furnished to explain the conditions and terms under which office space is leased to Dr. Guthrie and to Dr. Ripley. Pertinent considerations include the amount of rent, how it is determined, services that the hospital provides along with the space and their approximate value. The renting of office space in a hospital to staff physicians is not necessarily a prohibited act. It is just one element to be considered in determining whether or not a hospital is exempt from property taxes.

. . . . .

Finally, taxpayer had not identified the percentage of its admissions that were charitable patients or the percentage of its emergency room patients that were charitable patients. In fact, taxpayer has not demonstrated that it now or in the past treated indigent patients. *This is probably the single most important element necessary to a finding that a hospital is charitable under West Virginia property tax law.* (Emphasis supplied.) Guide for Assessors, pp. 8–83— 8–85 (1980).

■ These rulings indicate factors considered by the commissioner to determine eligibility for tax exempt status. Yet, these loosely structured, unorganized directives cannot possibly guarantee uniformity of taxation. They are but a first step.

"A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). Syllabus Point 1, *Smith v. W.Va. State Board of Education*, 170 W.Va. 593, 295 S.E.2d 680 (1982).

The tax commissioner's mandatory duty to uniformly and equally enforce taxation makes mandamus a proper remedy. "Moreover, where the right sought to be enforced is a public one in the sense that it is based upon a general statute or affects

the public at large the mandamus proceeding can be brought by any citizen, taxpayer, or voter." (Citations omitted.) *Smith v. W.Va. State Board of Education, supra,* 170 W.Va. at 596, 295 S.E.2d, at 683. Petitioners, as citizens and taxpayers, have a clear, legal right to relief.

This court noted in 1884 that individual assessors cannot decide what property should or should not be exempt because this defeats uniform statewide practices.

> But if it be held, that each [assessor] is bound to assess the property, which it is determined in the Auditor's [now tax commissioner's] office under the eye of the chief executive of the State is subject to taxation and can raise no question as to the exemption of any of such property, then we will have the revenues of the State collected and equality and uniformity in taxation secured. *But if each of the assessors is permitted to decide for himself, what property shall be taxed and what exempted, ... then you fail to have taxes equal and uniform, but on the contrary have certain property taxed in one county and exempt in another ....* (Emphasis supplied.) *State ex rel. Miller v. Buchanan, supra* 24 W.Va., at 383 (1884).

■ We grant petitioners' petition and require the tax commissioner to issue specific and clear regulations, guidelines, forms and instructions about determining tax-exempt status of property under Code, 11–3–9 and W.Va. Const. art. X, § 1. He is also mandated to assure their continuing enforcement. W.Va.Code, 11–1–2.

We do not and may not tell the tax commissioner how to exercise his discretion in setting these guidelines, other than to reinforce his position that the constitutional standard for defining hospitals used for charitable purposes requires provision of free and below-cost services to those unable to pay, under reasonable rules and regulations.

Writ granted.