368 S.E.2d 101

**PENNSYLVANIA AND WEST VIRGI-
NIA SUPPLY CORP., a West Virginia
Corporation, Plaintiff Below, Appellee,**

v.

**Herschel H. ROSE, III, State Tax
Commissioner, Defendant
Below, Appellant.**

**No. 17700.**

Supreme Court of Appeals of
West Virginia.

March 10, 1988.

**318**

Charles G. Brown, Atty. Gen., Richard L. Lanicanes, Asst. Atty. Gen., Tax Div., Charleston, for Herschel H. Rose, III, State Tax Com'r.

William D. Wilmoth, Donald J. Tennant, Schrader, Stamp, Byrd, Byrum & Campanion, Wheeling, for Pennsylvania and WV Supply Corp.

McGRAW, Justice.

In the case now before this Court, the State Tax Commissioner appeals and the taxpayer, Pennsylvania and West Virginia Supply Corporation, cross appeals from an order entered by the Circuit Court of Ohio County on November 25, 1986. The primary issues presented on appeal are as follows: (1) whether purchases of standardized computer software discs for use in the taxpayer's West Virginia business are taxable as "tangible personal property" under the use tax imposed by former West Virginia Code § 11–15A–2 (1983 Replacement Vol.); (2) whether persons involved in both wholesale and retail business transactions may apportion purchases for use in their business and claim an exemption from the use tax equal to the percentage of their sales attributable to retail transactions; and (3) whether reasonable cause exists in this case to waive the additions to tax and the penalty assessed against the taxpayer for failure to remit use tax on the purchases in question. As detailed below, this Court answers each of these questions in the affirmative.

I.

On October 25, 1983, the Tax Commissioner issued a use tax assessment against the taxpayer for the period April 1, 1978, to December 31, 1982, after an audit revealed that the taxpayer had failed to remit use tax during that period to the State of West Virginia on the purchase of various items subsequently used in the taxpayer's West Virginia business. The use tax assessment included: $12,758.09 tax owed; $2,255.76 interest; $293.23 additions to tax; and $2,516.42 penalty.

The taxpayer is a West Virginia corporation primarily engaged in the business of selling supplies at wholesale to mines, construction firms, and other industries. Retail sales account for only about two percent of the taxpayer's gross receipts. The taxpayer performs virtually all of its wholesale and retail accounting using a computer and standardized software. On November 1, 1979, the taxpayer purchased its computer hardware from a New Jersey vendor. The taxpayer also purchased standardized computer software discs from the vendor during the assessment period. The vendor develops and mass markets the standardized software discs for use by purchasers with similar accounting needs. In this instance, the taxpayer used the discs purchased from the vendor to load instructions into the taxpayer's computer. Those instructions programmed the computer to perform the desired accounting functions. Periodic updates and modifications to the software were also purchased and used by the taxpayer during the assessment period. The taxpayer did not pay either sales tax in New Jersey or use tax in West Virginia on the computer hardware and software purchases.

Following receipt of the October 25, 1983, assessment, the taxpayer filed a petition for reassessment, contending that: (1)

the computer software purchases constituted purchases of intangible information and, therefore, were not subject to the excise tax on the use of "tangible personal property" delivered to users in this state; (2) the taxpayer is entitled to fully exempt those tangible personal property purchases from the use tax which were used in the taxpayer's retail business; and (3) the additions to tax and penalty assessed should be waived because the taxpayer's failure to remit use tax was due to reasonable cause, not willful neglect.

After a hearing on the petition for reassessment, the Tax Commissioner issued an administrative decision on November 14, 1984, wherein the Commissioner determined that: (1) the taxpayer's purchase and use of discs containing standardized computer software are subject to the excise tax imposed on the use of "tangible personal property" delivered to users in this state; (2) the taxpayer is not entitled to exempt any of its tangible personal property purchases from the use tax because the purchases were not used solely in the taxpayer's retail business and, in fact, would have been made for use in the taxpayer's wholesale business irrespective of the taxpayer's retail business; and (3) the additions to tax and penalty would be waived because the taxpayer's failure to remit the use tax, given the legal issues involved, was due to reasonable cause.[1]

The taxpayer paid the assessment under protest and appealed to the Circuit Court of Ohio County. On November 25, 1986, the circuit court issued an order, ruling that: (1) the software purchases made by the taxpayer are not taxable as "tangible personal property" under former West Virginia Code § 11–15A–2 (1983 Replacement Vol.); (2) the taxpayer is entitled to an exemption from the use tax assessment on the computer hardware but only to the extent of the percentage of retail business engaged in by the taxpayer; and (3) the additions to tax and penalty would be

waived for reasonable cause under the circumstances.

## II.

■ We first address whether purchases of standardized computer software discs by the taxpayer for use in the taxpayer's West Virginia business are subject to taxation under the use tax statute in effect during the assessment period.

Former West Virginia Code § 11–15A–2 (1983 Replacement Vol.) imposed "[a]n excise tax ... on the use in this State of *tangible personal property* furnished or delivered within this State to consumers or users within this State...." (emphasis added). "Tangible personal property" was defined under former West Virginia Code § 11–15A–1(5) (1983 Replacement Vol.) to mean "tangible goods, wares and merchandise when furnished or delivered within this State to consumers or users within this State." The Commissioner determined in his administrative decision, and contends an appeal, that standardized computer software discs are "tangible personal property" for use tax purposes. The circuit court, however, ruled that the statute must be construed in favor of the taxpayer and against the taxing authority because the meaning of "tangible personal property" is ambiguous. Therefore, the circuit court reversed the Commissioner's administrative decision.

■ The circuit court is correct in saying that unclear tax laws must be construed in favor of the taxpayer, *Consolidation Coal Co. v. Krupica*, 163 W.Va. 74, 80, 254 S.E.2d 813, 816 (1979); *Wooddell v. Dailey*, 160 W.Va. 65, 68, 230 S.E.2d 466, 469 (1977); however, "[i]n the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning." Syl. Pt. 1, *Tug Valley Recovery Center, Inc. v. Mingo County Commission*, 164 W.Va. 94, 261 S.E.2d 165 (1979). The consequence of purchasing and using "tangi-

---

1. The Commissioner waived the additions to tax and penalty in the November 14, 1984, administrative decision regarding the use tax. In a separate consumer sales and service tax assessment, which has not been challenged on appeal to this Court, the Commissioner refused to waive the additions to tax and penalty.

ble personal property" in West Virginia is clear—an excise tax is imposed on the purchase price, *see* W.Va.Code § 11–15A–2 (1983 Replacement Vol.), *see also* W.Va. Code § 11–15A–2(a) (1987 Replacement Vol.). This Court agrees with the Commissioner that standardized computer software discs fall within the "common, ordinary and accepted meaning" of the phrase "tangible goods, wares, and merchandise" as included in former West Virginia Code § 11–15A–1(5) (1983 Replacement Vol.). "Tangible" is defined as: "Having or possessing physical form. Capable of being touched and seen; perceptible to the touch; tactile; palable; capable of being possessed or realized; readily apprehensible by the mind; real; substantial." *Black's Law Dictionary* 1305 (5th ed. 1979); *see Webster's New Collegiate Dictionary* 1182 (1979). Computer software discs possess physical form, are capable of being touched, seen, and possessed, are real and substantial, and, therefore, are "tangible personal property" for purposes of former West Virginia Code § 11–15A–2 (1983 Replacement Vol.). Accordingly, the Commissioner properly applied the former Code provision in making a use tax assessment against the taxpayer for the computer software discs.

In its appellate brief, the taxpayer takes the position that the classification of the software purchases as tangible or intangible should be governed by the essence of the transactions, which, according to the taxpayer, was to purchase intangible computer instructions and to store those instructions in the computer's memory, not to purchase tangible discs. The taxpayer contends that the discs had little value absent the instructions contained on them and merely served as an incidental means of obtaining and loading instructions into the taxpayer's computer. Thus, the taxpayer argues that the Commissioner has erroneously assessed the taxpayer on the purchase and use of intangible computer instructions. We are not convinced by this argument.

The taxability of the purchase and use of standardized computer software discs under former West Virginia Code § 11–15A–2 (1983 Replacement Vol.) does not depend upon the separability of the software instructions from the discs. To the contrary, this Court agrees with the South Carolina and Maryland courts that:

> "[T]he taxability of a sale of a canned program copy should not turn on whether the buyer stores the program in memory. A tax system cannot be administered dependent upon whether or not, at the time of the transaction, the buyer's intent is to store the program continuously in memory." We do not think the taxability of a sale of computer software depends upon the separability of the program from the tape [disc].

*Citizens and Southern Systems, Inc. v. South Carolina Tax Commission*, 280 S.C. 138, 141, 311 S.E.2d 717, 718 (1984) (quoting *Comptroller of the Treasury v. Equitable Trust*, 296 Md. 459, 472, 464 A.2d 248, 255 (1983)).

We are also not persuaded by the other theories presented by the taxpayer. The taxpayer attempts to minimize the extent to which it used the software discs. The taxpayer does not deny that it used the discs in its West Virginia business, but instead represents that each version of the discs was only used once to load instructions into the taxpayer's computer. This Court, however, is not persuaded to determine tangibility by the extent of use. *Equitable Trust*, 296 Md. at 473, 464 A.2d at 255. Furthermore, former West Virginia Code § 11–15A–1(4) (1983 Replacement Vol.) defined the "purchase price" upon which the excise tax was imposed as "the *total amount* for which tangible personal property is sold...." (emphasis added). This Court believes, as did the Maryland Court of Appeals in *Equitable Trust*, that "the legislative policy embraced in the definition of price runs contrary to the conceptual severing of the insignificant blank tape [disc] from the valuable program copy superimposed thereon...." *Equitable Trust*, 296 Md. at 470, 464 A.2d at 254. Finally, this Court agrees with the Maryland court that "[a] purchase of any ... information conveying media is within the imposition of the ... tax as tangible personal property" unless "there is an applica-

ble statutory exclusion or exemption." *Equitable Trust*, 296 Md. at 471, 464 A.2d at 254. At the time of the assessment now under protest, the purchase and use of computer software discs, unquestionably information conveying media, were not exempt from taxation.[2]

Because we find that standardized computer software discs were properly classified as "tangible personal property" as defined by the former Code provision, we reverse the circuit court's order reversing the Commissioner's use tax assessment on the taxpayer's use in West Virginia of tangible computer software discs.

## III.

The next issue which we address concerns the extent to which the taxpayer is entitled to exempt from the use tax those tangible personal property purchases made for use in the taxpayer's retail business.

West Virginia Code § 11–15A–3(5) (1983 Replacement Vol.) exempted from the use tax "[t]angible personal property the sale of which in this State is not subject to the West Virginia consumer sales tax." One of the exemptions to the consumer sales tax included "[s]ales of tangible personal property and services for use of consumption in connection with the conduct of the business of selling tangible personal property to consumers...." W.Va.Code § 11–15–9(9) (1983 Replacement Vol.). Even though only two percent of its sales were made at retail to consumers, the taxpayer wants a blanket exemption from the use tax on those tangible personal property purchases, including the computer hardware, software, and related items, which the taxpayer used in both its wholesale and retail businesses.

The Commissioner initially rejected the taxpayer's position outright and determined that the taxpayer was not entitled to exempt any of its tangible personal property purchases, because none of the items purchased were used solely in the taxpayer's retail business. On appeal to the circuit court, the taxpayer asked for entry of an order reversing the Commissioner's determination and declaring a blanket exemption in the taxpayer's favor. The circuit court declined to grant a blanket exemption, but did reverse the Commissioner's determination, in part, by ruling that the taxpayer is entitled to an exemption from the use tax assessment to the extent that its tangible personal property purchases were used in the taxpayer's retail business.

In so ruling, the circuit court was influenced by a prior administrative decision rendered by the Commissioner, which states, in relevant part, that "[p]ersons who are involved in multiple business activities may apportion purchases for use in the business and may claim an exemption equal to the percentage of their sales attributable to retail transactions...." Administrative Decision 82–18–C [1983 Transfer Binder] St.Tax.Rep. (CCH) ¶ 200–205, at 10,304 (W.Va. Jan.1983). The circuit court also cited the recordkeeping requirement of West Virginia Code § 11–15–14 (1983 Replacement Vol.) as being consistent with an interpretation allowing apportionment under the exemption provision. That Code section requires taxpayers who engage in a business subject to the consumer sales tax, as well as in a business that is not subject to the consumer sales tax, to keep separate records for tax purposes.

The Commissioner has abandoned the determination initially made in this case and now agrees with the circuit court that apportionment is proper where a taxpayer purchases tangible personal property for use in both the taxpayer's retail and wholesale businesses. The taxpayer, on the other hand, argues that, for use tax purposes, it is a retailer; that the retailer exemption of West Virginia Code § 11–15–9(9) (1983

---

**2.** We note that, pursuant to West Virginia Code § 11–15–9(z) (1987 Replacement Vol.), "[s]ales of electronic data processing services and related sofware" are now explicitly exempt from both the consumer sales tax and the use tax. *See* W.Va.Code § 11–15A–3(4) (1987 Replacement Vol.). This new exemption has no bearing, however, on this Court's application of the former use tax to the taxpayer's purchase and use of computer software discs during the assessment period of April 1, 1978, to December 31, 1982. *See Koppers Coal Co. v. Alderson*, 125 W.Va. 747, 752, 26 S.E.2d 226, 229 (1943).

322

Replacement Vol.) is not limited to persons engaged solely in a retail business; that apportionment is not specifically provided for by statute; and, therefore, that the taxpayer is entitled to fully exempt all tangible personal property purchases made for use in connection with its retail business.

■ In resolving this exemption issue, we are guided by several principles of statutory construction. "Where the language of the statute is of doubtful meaning or ambiguous, rules of construction may be resorted to and the construction of such statute by the person charged with the duty of executing the same is accorded great weight." *State By Davis v. Hix*, 141 W.Va. 385, 389, 90 S.E.2d 357, 359–60 (1955); *see* Syl.Pt. 1, *Dillon v. Board of Education of County of Mingo*, 171 W.Va. 631, 301 S.E.2d 588 (1983); Syl.Pt. 4, *Security National Bank & Trust Co. v. First West Virginia Bancorp, Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981), *appeal dismissed*, 454 U.S. 1131, 102 S.Ct. 986, 71 L.Ed.2d 284 (1982). "Where a person claims an exemption from a law imposing a license or tax, such law is strictly construed against the person claiming the exemption." Syl.Pt. 2, *State ex rel. Lambert v. Carman, State Tax Commissioner*, 145 W.Va. 635, 116 S.E.2d 265 (1960); *see also State ex rel. Cook v. Rose*, 171 W.Va. 392, 394, 299 S.E.2d 3, 5 (1982); *Ballard's Farm Sausage, Inc. v. Dailey*, 162 W.Va. 10, 17, 246 S.E.2d 265, 269 (1978) (Miller, J., concurring); *Wooddell v. Dailey*, 160 W.Va. 65, 68, 230 S.E.2d 466, 469. "Where an exemption statute is subject to interpretation, the Court may give effect to the spirit, purpose and intent of the lawmakers, and will not so limit its interpretation as to defeat the underlying purpose of the statute." Syl.Pt. 3, *State ex rel. Hardesty v. Aracoma–Chief Logan No. 4523, V.F.W.*, 147 W.Va. 645, 129 S.E.2d 921 (1963); *see* Syl.Pt. 6, *State ex rel. Cohen v. Manchin*, 175 W.Va. 525, 336 S.E.2d 171 (1984); *Wooddell v. Dailey*, 100 W.Va. 65, 68, 230 S.E.2d 466, 469.

Based on an application of these principles to the present case, this Court affirms the circuit court's opinion that apportionment is necessary where a taxpayer purchases tangible personal property for use in both the taxpayer's retail and wholesale businesses.

The legislature intended that the use tax and consumer sales tax "be complementary laws and wherever possible be construed and applied to accomplish such intent as to the imposition, administration and collection of such taxes." W.Va.Code § 11–15–1a (1983 Replacement Vol.). The Commissioner is charged with the administration and enforcement of the use tax, W.Va.Code § 11–10–5 (1987 Replacement Vol.); *see* W.Va.Code § 11–10–5(a) (1983 Replacement Vol.), and, if he believes the use tax has been insufficiently remitted by a taxpayer, the Commissioner may determine the tax liability and make an assessment therefor. W.Va.Code § 11–10–7(a) (1987 Replacement Vol.); *see* W.Va.Code § 11–15A–28 (1987 Replacement Vol.). When a petition for reassessment is filed, the burden of proof is upon the taxpayer to prove that the assessment is incorrect and contrary to law. W.Va.Code § 11–10–9 (1987 Replacement Vol.). We believe that the taxpayer has failed to carry that burden or to overcome the strict construction which this Court must apply to the exemption statute.

The lawmakers must have contemplated that the exemption statute would have to operate under conditions and circumstances like those now presented. In this regard, we agree with the circuit court that the recordkeeping requirement imposed by the legislature under West Virginia Code § 11–15–14 is instructive. Clearly, the recordkeeping required by the legislature is consistent with its intent that a taxpayer could engage in separate businesses, one subject to sales and use taxation and the other not. So, too, is the circuit court's ruling that apportionment is proper under such circumstances. For this Court to hold otherwise would allow taxpayers who purchase and use tangible personal property to circumvent imposition of the use tax by merely

engaging in incidental retail sales.[3] Therefore, this Court holds that taxpayers who are involved in both wholesale and retail business activity may claim an exemption from the use tax on tangible personal property purchases used in their retail business equal to the percentage of their sales attributable to retail transactions.

## IV.

 The final issue which we address concerns the assessment of additions to tax and penalty against the taxpayer. We agree with the circuit court that reasonable cause exists to waive the additions to tax and penalty assessed in this case. *Cf. United Fuel Gas Co. v. Battle*, 153 W.Va. at 274–75, 167 S.E.2d at 918–19. Accordingly, we affirm the circuit court's ruling on this issue. W.Va.Code §§ 11–10–18(a), – 19(a) (1983 Replacement Vol.).

Based on all of the foregoing, this Court hereby reverses the circuit court's ruling that the taxpayer's purchase of standardized computer software discs for use in the taxpayer's West Virginia business is not subject to the use tax in effect during the assessment period; affirms the circuit court's ruling that the taxpayer is entitled to an exemption from such use tax only to the extent that its tangible personal property purchases may be apportioned for use in the taxpayer's retail business; and affirms the circuit court's ruling that the assessment of additions to tax and penalty be waived for reasonable cause.

**3.** The Court is not impressed with the taxpayer's equal protection argument. As this Court said in Syllabus Point 5 of *United Fuel Gas Co. v. Battle*, 153 W.Va. 222, 167 S.E.2d 890 (1969), *appeal dismissed*, 396 U.S. 116, 90 S.Ct. 398, 24 L.Ed.2d 309 (1969):

> A state by its legislature may make reasonable classifications in enacting statutes provided the classifications are based on some real and substantial relation to the objects sought to be accomplished by the legislation, and a person who assails any such classification has the burden of showing that is essentially arbitrary and unreasonable.

Here, the legislature contemplated that a taxpayer could simultaneously engage in both taxable and nontaxable businesses and exercised its power to make reasonable classifications by exempting from taxation the use of tangible

Accordingly, this case is remanded to the circuit court for entry of an order which shall, in a manner consistent with this opinion, affix use tax liability against the taxpayer for the period April 1, 1978, to December 31, 1982.

Affirmed in part; reversed in part; remanded.

personal property by a retailer. The taxpayer does not assail the exemption of retailers but instead assails its classification as both a wholesaler and a retailer. For exemption purposes, the taxpayer desires to be classified only as using tangible personal property in a retail business. This ignores reality and "contradict[s] the duty of this Court to avoid whenever possible a construction of a statute which leads to absurd, inconsistent, unjust, or unreasonable results." *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 320, 305 S.E.2d 268, 277 (1983). Apportionment is surely one of the flexible means appropriate to reasonable state taxation that is not violative of a taxpayer's right to equal protection of the law. *See Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359–60, 93 S.Ct. 1001, 1003–04, 35 L.Ed.2d 351 (1973) (quoting *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 526–27, 79 S.Ct. 437, 440–41, 3 L.Ed.2d 480 (1959)).