506 S.E.2d 329

**KINGS DAUGHTERS HOUSING, INC., Petitioner Below, Appellee,**

v.

**James H. PAIGE, III, State Tax Commissioner, Respondent Below, Appellant.**

No. 24966.

Supreme Court of Appeals of West Virginia.

Submitted June 9, 1998.

Decided July 9, 1998.

David A. DeJarnett, Michael E. Caryl, Bowles, Rice, McDavid, Graff & Love, Martinsburg, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Stephen Stockton, Assistant Attorney General, Charleston, for Appellant.

PER CURIAM.[1]

The sole question in this appeal is whether "rent subsidies," paid to Kings Daughters Housing, Inc., by the United States Department of Housing and Urban Development to make decent housing available to certain elderly citizens, constitute "grants" within the meaning of the West Virginia sales tax law pursuant to *W.Va.Code* § 11–15–9. The Circuit Court of Berkeley County held that they were "grants" within the meaning of West Virginia sales tax law, and that, as a consequence, Kings Daughters Housing, Inc., was entitled to exemption from the West Virginia sales tax. In this appeal, the State Tax Commissioner claims that the circuit court erred in making this ruling and that the "rent subsidies" should not be considered "grants."

I.

FACTUAL BACKGROUND

Kings Daughters Housing, Inc., which is classified as a charitable organization exempt from federal income taxation under Section 501(c)(3) of the *Internal Revenue Code*, is the owner and operator of a housing complex commonly referred to as "KD Court" located in Martinsburg, West Virginia. This complex provides housing and services to elderly persons with relatively low incomes. Although it is a charitable organization, less than one-half of its support is derived from gifts, charitable contributions, or membership fees. In fact, the majority of its funding comes from the United States Department of Housing and Urban Development in the form of housing assistance payments or "rent sub-

sidies." KD Court is not a profit-making operation, and there is evidence that, without the subsidy, it could not be self-sustaining.

West Virginia Code § 11–15–9 exempts charitable organizations from the requirement that the West Virginia sales tax be paid on sales and services. To receive the exemption, however, the charitable organization must receive more than one-half of its support from any combination of gifts, grants, charitable contributions, or membership fees. The particular language of W.Va.Code § 11–15–9, creating this exemption provides:

> (6) Sales of tangible personal property or services to a corporation or organization which has a current registration certificate issued under article twelve [§ 11–12–1 et seq.] of this chapter, which is exempt from federal income taxes under Section 501(c)(3) or (c)(4) of the Internal Revenue Code of 1986, as amended, and which is:
>
> *      *      *      *      *      *
>
> (C) A corporation or organization which annually receives more than one half of its support from any combination of gifts, grants, direct or indirect charitable contributions or membership fees;

The present action arose when the West Virginia Sales Tax Commissioner questioned whether the "subsidy payments" received by Kings Daughters Housing, Inc., were "grants" under this statute. If they were not, Kings Daughters Housing, Inc., which received the majority of its income from the subsidies, was not, in the Commissioner's view, exempt from the West Virginia sales tax, even though it was a charitable organization.

After the question arose, Kings Daughters Housing, Inc., took the position, and argued, that the subsidies were "grants" within the meaning of *W.Va.Code* § 11–15–9, and that it was exempt from the sales tax. After considering the matter, the West Virginia State Tax Commissioner, in an administrative decision, held that the subsidy payments were not "grants" and that Kings Daughters Housing, Inc., was subject to the sales tax. Kings Daughters Housing, Inc., appealed

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

that decision to the Circuit Court of Berkeley County. The circuit court, after hearing the arguments of the parties, interpreted the word "grants" in W.Va.Code § 11–15–9, to include the subsidies paid to Kings Daughters Housing, Inc., and it is from that decision that the State Tax Commissioner now appeals.[2]

## II.

## STANDARD OF REVIEW

■ In *Appalachian Power Company v. State Tax Department of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995), this Court indicated that review of a ruling interpreting a statute should be conducted on a *de novo* basis. Specifically, in Syllabus Point 1, the Court stated: "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."

## III.

## DISCUSSION

■ In Syllabus Point 3 of *Ohio Cellular RSA Limited Partnership v. Board of Public Works of the State of West Virginia*, 198 W.Va. 416, 481 S.E.2d 722 (1996), this Court recognized that:

" 'In the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning.' Syl. Pt. 1, *Tug Valley*

2. The circuit court specifically found:

1. That the sole issue before the Court is a question of law, to-wit: whether the "rent subsidy," also referred to as "housing assistance payments," paid to the Petitioner by the United States Department of Housing and Urban Development, which the Court will refer to as the "Section 8 subsidy," is a "grant," within the meaning of that term as it is used in West Virginia Code § 11–15–9(f)(3).
2. That the West Virginia legislature has not statutorily defined the term "grant," as it is used in *W.Va.Code* § 11–15–9(f)(3).
3. That the Tax Commissioner has not defined the term "grant" as it is used in *W.Va.Code* § 11–15–9(f)(3), by legislative rule or regulation.
4. That the Tax Commissioner cannot define the term "grant" as it is used in *W.Va.Code* § 11–15–9(f)(3), by administrative decision in contested cases.

*Recovery Center, Inc. v. Mingo County Commission*, 164 W.Va. 94, 261 S.E.2d 165 (1979)." Syl. Pt. 1, *Pennsylvania and West Virginia Supply Corp. v. Rose*, 179 W.Va. 317, 368 S.E.2d 101 (1988).

The common, accepted definition of a "subsidy" is:

A *grant* of money made by government in aid of the promoters of any enterprise, work, or improvement in which the government desires to participate, or which is considered a proper subject for government aid, because such purpose is likely to be of benefit to the public. [Emphasis added.]

*Black's Law Dictionary, Fifth Edition*, 1979.

The fact that a "subsidy" is commonly considered a "grant" suggests to this Court that the circuit court was correct in ruling that the rent subsidies paid to Kings Daughters Housing, Inc., were "grants."

In examining W.Va.Code § 11–15–9, the Court notes that the Legislature grouped "grants" with "gifts" and "charitable contributions." In Syllabus Point 1 of *Darlington v. Mangum*, 192 W.Va. 112, 450 S.E.2d 809 (1994), the Court stated:

" 'It is a fundamental rule of construction that, in accordance with the maxim *noscitur a sociis*, the meaning of a word or phrase may be ascertained by reference to the meaning of other words or phrases with which it is associated. Language, although apparently general, may be limit-

5. That the Tax Commissioner has not defined the term "grant" as it is used in *W.Va.Code* § 11–15–9(f)(3), by the ruling below, but has only attempted to define what a "grant" is not.
6. That the term "grant" as it is used in *W.Va.Code* 11–15–9(f)(3), is not ambiguous, and therefore, must be given its plain and ordinary meaning.
7. That the Petitioner failed in the administrative hearing to present sufficient evidence that the purchases of repair parts, repair services or replacements for appliances were for repair or replacement of appliances installed in, affixed to or incorporated into the Petitioner's building.
    WHEREFORE, it is hereby ORDERED and ADJUDGED, that the Section 8 subsidy paid to the Petitioner by the United States Department of Housing and Urban Development is a grant, within the plain and ordinary meaning of the term as it is used in West Virginia Code § 11–15–9(f)(3).

ed in its operation or effect where it may be gathered from the intent and purpose of the statute that it was designed to apply only to certain persons or things, or was to operate only under certain conditions.' Syllabus point 4, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975)." Syllabus point 1, *Banner Printing Co. v. Bykota Corp.,* 182 W.Va. 488, 388 S.E.2d 844 (1989).

Both "gifts" and "charitable contributions" involve the concept of donation, or the giving of something to accomplish charitable purpose. From the use of these associated words, the application of maxim *noscitur a sociis* indicates that the Legislature intended the term "grant" in W.Va.Code § 11–15–9, also to mean the giving of something to accomplish a charitable purpose. Rather clearly the "subsidies" involved in the present case were given by the federal government to accomplish a charitable purpose, that is, to provide decent and affordable housing to low income elderly persons. This fact, along with the commonly accepted definition of a "subsidy," leads the Court to conclude that the subsidies in question were, in fact, "grants" within the meaning of W.Va.Code § 11–15–9.

Lastly, the Court notes that the documents filed in this case show that the payments made to Kings Daughters Housing, Inc., have been made by the federal government pursuant to the housing assistance provisions of Title 42 of the United States Code. That title specifically refers to such assistance as being a "grant": "Housing assistance. The term "housing assistance" means, with respect to federally assisted housing, the grant . . . provided for the housing under the provisions of law referred to in [§ 13641(2) ] . . . ." [Emphasis added.] 42 U.S.C. § 13641(3).[3]

After conducting a *de novo* review of the question presented on appeal, this Court concludes that the Circuit Court of Berkeley County properly characterized the "rent subsidies" in this case as "grants" and that the judgment of that court finding Kings Daugh-

ters Housing, Inc., entitled to the sales tax exemption should be affirmed.

The judgment of the Circuit Court of Berkeley County is, therefore, affirmed.

Affirmed.

---

**3.** Kings Daughters Housing, Inc.'s "KD Court" housing was constructed pursuant to 42 U.S.C. § 13641(2).