STATE *ex rel.* EDGAR H. LAMBERT, DOING BUSINESS
AS B. & E. COIN OPERATED LAUNDROMAT

*v.*

DONALD C. CARMAN, STATE TAX COMMISSIONER OF
STATE OF WEST VIRGINIA

(No. 12046)

Submitted September 7, 1960. Decided October 4, 1960.

*Joe A. McVay, Henry L. Max,* for relator.

*Henry C. Bias, Jr.,* Assistant Attorney General, *Paul M. Friedberg,* Special Assistant Attorney General, for respondent.

BERRY, JUDGE:

This is an original proceeding in mandamus instituted in this Court by the petitioner, Edgar H. Lambert, doing business as the B. & E. Coin Operated Laundromat, against the respondent, Donald C. Carman, State Tax Commissioner of the State of West Virginia. The petitioner is a resident, citizen and taxpayer of Cabell County, West Virginia, and operates his place of business in the City of Huntington. The business in question consists of twenty-six washing machines, eight clothes dryers and one soap dispensing machine, all of which are located on the same premises. The machines are operated to wash and dry clothes as a self-service laundry in which the customer places coins in the machines in order to operate them. The machines are personally owned by the petitioner and constitute the principal business conducted in the same place where the machines are located and are not used in connection with any other business.

The petitioner applied to the State Tax Commissioner for a store license for all of his machines and for thirty-five decalcomania stamps, tendering one check in the amount of $15.50, in payment of one store license, and another check in the amount of $17.50, representing fifty-cents for each of the thirty five decalcomania stamps. The State Tax Commissioner refused to issue such licenses and advised the petitioner that the proper tax was five dollars for each machine with an additional fifty-cent decalcomania stamp for each machine. The petitioner thereupon filed his petition in this Court praying for a writ of mandamus compelling

the State Tax Commissioner to issue him the store license and decalcomania stamps as requested by him.

A rule was issued by this Court against the respondent, State Tax Commissioner, returnable July 12, 1960, to show cause why the writ of mandamus should not be issued against him. On the return date of the rule the parties appeared and requested that the matter be continued until the September term of this Court, whereupon the matter was continued until September 7, 1960, at which time it was argued and submitted to the Court.

The State Tax Commissioner demurred to the petition on the ground that Code, 11-12-3, as amended, requires the payment of a license fee in the amount of five dollars for each coin operated machine; that the exemption referred to and relied upon in the petition applies only to those businesses whose principal operation does not constitute the use of such machines and does not create an exemption for businesses whose principal operation consists of the use of such machines as claimed by the petitioner.

The question for decision in this case is what kind of license is required for such coin operated machines used and operated as a principal business as distinguished from coin operated machines owned and used in different places where the principal business is of some other nature. The solution of the question propounded depends on a construction of the statute relative thereto, Code, 11-12-3, as amended.

The sole issue presented in the instant case is whether or not the petitioner is exempt from the payment of a license fee of five dollars for each coin operated machine, in addition to the filing tax fee of fifty cents for each license certificate issued for the machines, and a fifty-cent stamp or evidence of license for each machine, as required under the general licensing laws of this state of any person who keeps and operates such coin operated machines. Code, 11-12-3, as amended, provides for a five dollar license fee for each coin operated machine involved in this proceeding and

requires a stamp or evidence of license for each machine. Code, 11-12-15, as amended, provides for the payment of a fifty-cent filing fee for each license certificate as required by Code, 11-12-3, as amended, and for a cost not to exceed fifty cents for each stamp or evidence of license. Apparently, the State Tax Commissioner charges the full fifty cents for the stamps which he issues as evidence of licensing.

An exemption is provided for in parapraph five of Code, 11-12-3, as amended, and it is upon the construction of this exception that this case turns, the pertinent part to be considered reading as follows: "Except where the principle business of the operation of the store is the operation of such machines or devices, no license fee shall be required of persons keeping or maintaining such machines or devices owned by them in their own licensed store."

It is the contention of the petitioner that this exception, or exemption from the payment of the five dollar tax, applies to him because of his principal business being the operation of such machine. It is the contention of the respondent that the exemption only applies to persons keeping or maintaining such machines which are owned by them in their own licensed stores, where the principal business is other than the use and operation of such machines, and does not apply where the principal business of such store is the operation of such machines. It is true that laws imposing a license or tax are strictly construed and where there is doubt as to the meaning of such laws, they are construed in favor of the taxpayer and against the state. *Fry v. City of Ronceverte,* 93 W. Va. 388, 117 S. E. 140; *Thacker v. Crow,* 141 W. Va. 361, 90 S. E. 2d 199. However, where a person claims an exemption from a law imposing a license or tax, such law is strictly construed against the person claiming the exemption. *State v. McDowell Lodge,* 96 W. Va. 611, 123 S. E. 561.

This case falls clearly within the principle of law governing taxpayers claiming exemption. The petitioner claims that he is exempt from the payment of the tax in question. Therefore, the burden rests upon

him to clearly show that he is exempt and if he fails to do so, the application of the tax is justified. The language expressing the exemption or exception to the payment of this tax may have been more aptly stated. However, we are of the opinion that when it is closely studied, it is clear and unambiguous.

Using the same language contained in the exemption clause and merely changing the construction slightly, we find that the exemption clause states that "no license fee shall be required of persons keeping or maintaining such machines owned by them in their own licensed store, except where the principle occupation or business of the store is the operation of such devices." A transposing of the wording of this exemption clause, in order to clearly ascertain the meaning, is entirely proper in such a case. 17 M.J., Statutes, §51; *Hood v. City of Wheeling,* 85 W. Va. 578, 102 S. E. 259. This construction of the exemption clause clearly shows the intent of the legislature as to the exemption when it was enacted and when the language of the statute is clear, it should be applied as written and not interpreted. *State v. Epperly,* 135 W. Va. 877, 65 S. E. 2d 488; *Douglass v. Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; 17 M.J., Statutes, §34.

It is clear that the exemption does not apply to the petitioner whose principal business is the operation of such machines; that there is no merit to the contention that the license fee is not five dollars for each machine, as provided for in Code, 11-12-3, as amended; and that the five dollar plus the fifty-cent fee for each decalcomania stamp, as provided in Code, 11-12-15, as amended, makes a total of $5.50 for each machine, as contended by the respondent, State Tax Commissioner, in addition to the fifty-cent filing fee required under Code, 11-12-15, as amended, for a license certificate which may include the group of machines.

For the reasons stated herein, the demurrer of respondent, State Tax Commissioner, is sustained and the writ will be denied.

*Writ denied.*