JERRY K. WOODDELL

*v.*

RICHARD J. DAILEY,

*Tax Commissioner for the State of West Virginia*

(No. 13623)

Decided December 7, 1976

Rehearing Denied February 28, 1977.

*Chauncey H. Browning*, Attorney General, *and C. Page Hamrick, III*, Assistant Attorney General, for appellant.

*Thornhill, Kennedy & Vaughan, James F. Vaughan, Jr.* for appellee.

WILSON, JUSTICE:

This case presents for our determination the question of whether interior decorating is a profession whose practitioners are "excepted" from payment of the tax imposed by *W. Va. Code*, 11-15-1, *et seq.*, referred to as the Consumers Sales and Service Tax.

The appellant State Tax Commissioner appeals from a final order of the Circuit Court of Raleigh County in favor of appellee Jerry K. Wooddell setting aside the Commissioner's deficiency assessment of said tax against Wooddell for the period January 1, 1966, through August 31, 1971, in the stipulated sum of $847.71.

The Circuit Court of Raleigh County reasoned that since the taxpayer was claiming that she was "excepted" from the operation of the statute as opposed to claiming an "exemption" from its operation, the Commissioner had the burden of showing that the expression "professional services" as used in the statute, when giving its generally accepted meaning, does not encompass the skill of interior decorating.

We must respectfully disagree with the trial court on this fundamental issue. *W. Va. Code*, 11-15-6, provides that all sales and services are presumed to be subject to

the tax until the contrary is clearly established. In the face of such a presumption, the taxpayer has the burden of establishing that she is not subject to the tax.

By stipulation, it appears that Mrs. Wooddell is a highly skilled interior decorator with credentials which include a graduation certificate from the Trophegan School of Design in 1949, a long history of employment and self-employment as an interior decorator with skills in the use of colors, fabrics, furnishings and building materials and familiarity with the practices of the building trades including the financial and architectural aspects thereof.

The taxing statute imposes a general Consumers Sales and Service Tax. Services include all nonprofessional activities engaged in for other persons for a consideration which involve the rendering of a service as distinguished from the sale of tangible personal property. *W. Va. Code*, 11-15-2(9). The only specific exceptions or exemptions are contained in *W. Va. Code*, 11-15-2(9), and *W. Va. Code*, 11-15-9, and consist of personal services, services rendered by an employee to his employer, any service rendered for resale, and certain specifically described sales and services.

Admittedly, Mrs. Wooddell does not rely on these provisions and claims no benefit from them. It is her contention that she is excluded or excepted from the taxing statute under that portion of *W. Va. Code*, 11-15-8, which imposes the tax on "... all services, *except professional ... services* ..." [emphasis supplied]. This, however, is not helpful to the taxpayer in this case. She cannot establish that she renders nontaxable professional services merely by saying that interior decorating is a profession and that services rendered in connection therewith are, therefore, professional services. Her contention is made difficult by the absence of any definition of "professional services" as used in *W. Va. Code*, 11-15-8, and is not helped by the definition of "service" in *W. Va. Code*, 11-15-2(9), which includes "nonprofessional activities" but does not define "nonprofessional activities."

The absence of such definitions makes it impossible for us to say that this statute is clear and unambiguous. Consequently, there is no room for the application of the well-recognized principle that a statute which is clear and unambiguous should be applied and not construed. *See, Tax Comm'r. v. Veterans of Fgn. Wars,* 147 W. Va. 645, 129 S.E.2d 921 (1963). *See, also Eggleton v. State Workmen's Compensation Comm'r.,* ____ W. Va. ____, 214 S.E.2d 864 (1975); *Russell Transfer, Inc. v. Moore,* ____ W. Va. ____, 212 S.E.2d 433 (1975); and *State v. Carman,* 145 W. Va. 635, 116 S.E.2d 265 (1960).

Generally, tax laws are strictly construed, and when there is doubt regarding the meaning of such laws they should be construed in favor of the taxpayer. *See, State ex rel. Battle v. Baltimore and Ohio Railway Co.,* 149 W. Va. 810, 143 S.E.2d 331 (1965), *cert. denied,* 384 U.S. 970, 16 L. Ed. 2d 681 (1966); and *State v. Carman, supra.* However, a tax law under which a person claims an exemption is strictly construed against the person claiming the exemption. *Owens-Illinois Glass Co. v. Battle,* 151 W. Va. 655, 154 S.E.2d 854 (1967); *Tax Comm'r. v. Veterans of Fgn. Wars, supra;* and *State v. Carman, supra.*

In interpreting the statute involved in this case, we are guided by and apply the following principles of statutory construction: (1) Effect should be given to the spirit, purpose and intent of the lawmakers without limiting the interpretation in such a manner as to defeat the underlying purpose of the statute; *See, Tax Comm'r. v. Veterans of Fgn. Wars, supra;* (2) Each word of a statute should be given some effect and a statute must be construed in accordance with the import of its language; *See, Wilson v. Hix,* 136 W. Va. 59, 65 S.E.2d 717 (1951); and *Fielder and Turley v. Adams Express Co.,* 69 W. Va. 138, 71 S.E. 99 (1911); (3) Undefined words and terms used in a legislative enactment will be given their common, ordinary and accepted meaning; *See Davis v. Hix,* 140 W. Va. 398, 80 S.E.2d 404 (1954); and *Miners v. Hix,* 123 W. Va. 637, 17 S.E.2d 810 (1941); and (4) If technical words are involved they will be presumed to have been used in a technical sense and will ordinarily be given

their strict meaning; *See, Lane v. Board of Education of Lincoln County,* 147 W. Va. 737, 131 S.E.2d 105 (1963).

Applying these principles, the statute clearly demonstrates a legislative intention to tax all services other than: (1) professional services; (2) personal services as defined in *W. Va. Code,* 11-15-2(11); (3) services furnished by corporations subject to the control of the Public Service Commission; and (4) certain specifically exempted services under the provisions of *W. Va. Code,* 11-15-9.

Theology, law and medicine have long been regarded without question as professions. It is indisputable that services rendered by reason of the practice of these professions are indeed professional services. However, it does not follow that Article 8, Section 21 of the *Constitution of West Virginia*[1] precludes the inclusion of any other profession unless specifically mentioned by a legislative enactment. Consequently, we must reject the Commissioner's argument that *W. Va. Code,* Chapter 30, dealing with various professions and occupations, should be read *in pari materia* with *W. Va. Code,* 11-15-1 *et seq.,* and that only the professions of theology, law and medicine and other endeavors treated as professions in *W. Va. Code,* Chapter 30, can qualify to confer "exempt" or "excepted" status under the Consumers Sales and Service Act.

A legislative enactment which uses an undefined term referring generally to professions or professional services will and should be considered as having been used in its broadest modern technical and general sense. We consider the expression "professional services" to have been so used in the taxing statute involved in this case. Thus, we do not limit "professional services" merely to services performed in the practice of law, theology or medicine or in pursuit of occupations specifically recognized as professions by statute. Other professions are plainly contemplated by the taxing statute here in-

---

[1] "Such parts of the common law, and of the laws of this State as are in force when this article goes into operation, and are not repugnant thereto, shall be and continue the law of the State until altered or repealed by the legislature."

volved. However, any such other profession must be clearly established as a profession by the one who asserts that services rendered by him in connection therewith are "exempt" or "excepted" and hence not taxable.

The difficulty encountered by the appellee Wooddell is that she assumed as proven what she was required to prove in the first instance. She assumed that she was rendering professional services as a member of a recognized profession. Merely saying it does not prove it. For example, she did not establish that she is a member of any discipline with widely accepted standards of required study or specified attainments in special knowledge as distinguished from mere skill. She did not establish any general acceptance of her occupation as a profession either within this State or elsewhere. She did not refer this Court to any case, and we have not found one, holding that interior decorating was a profession or defining the degree of skill and knowledge which must be possessed before one is permitted to classify himself or herself as being engaged in the profession of interior decorating.

Most occupations, trades, businesses or callings require a diversity of knowledge and skill. The appellee demonstrates, by stipulation, that she possesses knowledge and skill, but she does not demonstrate that interior decorating has anywhere been accepted as a profession as distinguished from an occupation, trade or business.

We find, therefore, that the appellee has failed to establish that interior decorating is clearly established as a profession whose practice involves rendering professional services which are excepted or exempted under the Consumers Sales and Service Act.

In accordance with the views hereinabove expressed, we reverse the Circuit Court of Raleigh County and enter judgment here in favor of the appellant, Richard L. Dailey, Tax Commissioner for the State of West Virginia, in the stipulated sum.

*Reversed and judgment entered here.*